24-2392-cv
*Go N.Y. Tours Inc v. Gray Line N.Y. Tours, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand twenty-five.

Present:
>   DENNY CHIN,
>   MICHAEL H. PARK,
>   SARAH A. L. MERRIAM,
>       *Circuit Judges.*

---

GO NEW YORK TOURS INC,

>   *Plaintiff-Appellant*,

   v.                                                                24-2392-cv

GRAY LINE NEW YORK TOURS, INC., TWIN AMERICA LLC, SIGHTSEEING PASS LLC, BIG BUS TOURS GROUP LIMITED, OPEN TOP SIGHTSEEING USA, INC., TAXI TOURS, INC., LEISURE PASS GROUP HOLDINGS LIMITED, LEISURE PASS GROUP LIMITED, LEISURE PASS GROUP INC., BIG BUS TOURS LIMITED,

>   *Defendants-Appellees.*

---

FOR PLAINTIFF-APPELLANT:    MAURICE NEWMARK ROSS, Barton LLP, New York, NY.

FOR BIG BUS DEFENDANTS-APPELLEES:    Peter M. Sartorius, Stephen Ross, Olshan Frome Wolosky LLP, New York, NY.

FOR GRAY LINE DEFENDANTS-APPELLEES:　RICHARD SYBERT, Kerry K. Jardine, Daniel B. Fix, Gordon Rees Scully Mansukhani, LLP, Charleston, SC.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Go New York Tours, Inc. ("Go New York") brought antitrust claims against its competitors in the New York City tour-bus and attraction-pass markets in May 2023. Defendants-Appellees are Gray Line New York Tours, Inc., Twin America LLC, and Sightseeing Pass LLC (collectively "Gray Line") and Big Bus Tours Group Limited, Open Top Sightseeing USA, Inc., Taxi Tours, Inc., Leisure Pass Group Holdings Limited, Leisure Pass Group Limited, Leisure Pass Group Inc., and Big Bus Tours Limited (collectively, "Big Bus").

Go New York had previously brought claims under Sections 1 and 2 of the Sherman Act against Big Bus and Gray Line in 2019 (the "Prior Federal Action"). The district court dismissed Go New York's first amended complaint asserting those claims without prejudice in November 2019, *see Go N.Y. Tours, Inc. v. Gray Line N.Y. Tours, Inc.*, No. 19-CV-2832, 2019 WL 8435369 (S.D.N.Y. Nov. 7, 2019), and later dismissed Go New York's December 2019 second amended complaint with prejudice, *see* App'x at 119. We affirmed. *See Go N.Y. Tours, Inc. v. Gray Line N.Y. Tours, Inc.*, 831 F. App'x 584, 587 (2d Cir. 2020).

As in the Prior Federal Action, the Amended Complaint in this suit alleges that Big Bus and Gray Line conspired to fix the prices of "hop-on, hop-off" bus services and attraction passes and to prevent other organizations from doing business with Go New York. It also now alleges a merger "memorialized in a Summer 2020 Memorandum of Understanding (the "MOU"),

which . . . effectively turned Gray Line and Big Bus into a single entity." App'x at 297. The Amended Complaint further alleges that "[i]n order to implement the MOU, there have been several other agreements between Big Bus and Gray Line, both formal and informal." *Id.*

The district court dismissed Go New York's Sherman Act claims as barred by the doctrine of res judicata.[1] Go New York appeals, arguing that the Amended Complaint advances different claims based on the alleged merger and that the district court applied an unduly restrictive "plausibility" pleading standard in deciding the Rule 12(b)(6) motion. We assume the parties' familiarity with the remaining underlying facts, procedural history of the case, and issues on appeal.

I.   **Standard of Review**

"We review *de novo* a district court's dismissal of a complaint under Rule 12(b)(6). . . . When reviewing a district court's dismissal of a complaint for failure to state a claim under Rule 12(b)(6), we accept all factual allegations as true and draw every reasonable inference from those facts in the plaintiff's favor." *Mayor & City Council of Baltimore v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013). "Our review of a district court's application of *res judicata* is also *de novo*." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014).

II.  **Res Judicata**

"A court may consider a *res judicata* defense on a Rule 12(b)(6) motion to dismiss when

---

[1] The district court also dismissed Go New York's claims under the Clayton Act and declined to exercise supplemental jurisdiction over its remaining state-law claims. Go New York abandoned these claims by failing to adequately present arguments challenging the dismissals in its opening appellate brief. *See Schlosser v. Kwak*, 16 F.4th 1078, 1080 (2d Cir. 2021) ("A vague sentence fragment that notes an issue without advancing an argument relating to that issue is ordinarily not sufficient to preserve an argument on appeal.").

3

the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *Id.* at 498.

"Under the doctrine of *res judicata*, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Id.* at 499 (quotation marks omitted). "To prove the affirmative defense of *res judicata* a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Id.* (cleaned up). Res judicata applies "where some of the facts on which a subsequent action is based post-date the first action but do not amount to a new claim." *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 384 (2d Cir. 2003).

Here, the Prior Federal Action involved the same parties and resulted in an adjudication on the merits. *See Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) ("As the sufficiency of a complaint to state a claim on which relief may be granted is a question of law, the dismissal for failure to state a claim is a final judgment on the merits and thus has res judicata effects." (citations omitted)).

Moreover, Go New York's attraction-pass claims "were . . . raised in the prior action." *TechnoMarine*, 758 F.3d at 499. The Amended Complaint alleges, nearly verbatim, the same facts alleged in the Prior Federal Action—*i.e.*, a conspiracy between Big Bus and Gray Line to pressure attractions not to do business with Go New York. *Compare* App'x at 102-09 (second amended complaint in the Prior Federal Action), *with id.* at 300-07 (Amended Complaint here). The district court thus correctly concluded that res judicata bars Go New York's attraction-pass

4

claims and related factual allegations because they were adjudicated in the Prior Federal Action.

Go New York argues that res judicata should not apply because "the [alleged] merger had not taken place when Go New York brought its other claims." Appellant's Br. at 19 n.7. But Go New York fails to argue that this "later conduct can support a cause of action *on its own*." *TechnoMarine*, 758 F.3d at 503 (emphasis added). And regardless whether res judicata bars Go New York's merger-based claims, the new conduct alleged in the Amended Complaint does not support a plausible claim to relief.

## II. Failure To State a Claim

"[W]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level. To survive dismissal, a complaint must provide enough facts to state a claim to relief that is plausible on its face." *Baltimore*, 709 F.3d at 135 (cleaned up).

Go New York's Amended Complaint does not contain sufficient facts to state a claim under the Sherman Act. First, the Amended Complaint does not plausibly allege a merger or attempted merger because its allegations are internally inconsistent. Go New York's merger allegations rest on the August 2020 MOU and the conclusory statement that "[i]n order to implement the MOU, there have been several other agreements between Big Bus and Gray Line, both formal and informal." App'x at 297. But the MOU, which Go New York says, "effectively turned Gray Line and Big Bus into a single entity," *id.*, is an agreement between two firms engaging in an arm's-length transaction. If Big Bus and Gray Line had merged into a "single entity," there

5

would be no need for the MOU's trademark-licensing or ticket-sale agreements. The Amended Complaint further contradicts the existence of a merger by alleging that the MOU "formalize[d] and extend[ed] a pre-existing *conspiracy* among" Big Bus and Gray Line. *Id.* at 300 (emphasis added). A conspiracy cannot exist among a "single entity."

Second, the Amended Complaint does not plausibly allege a monopoly or attempted monopoly in violation of Sherman Act § 2. Monopolization claims under Section 2 require "the possession of monopoly power in the relevant market" or, for attempted monopoly, an intent to acquire such power. *Volvo N. Am. Corp. v. Men's Int'l Pro. Tennis Council*, 857 F.2d 55, 73-74 (2d Cir. 1988). Such claims require that *one* firm hold or seek monopoly power. Because Go New York does not plausibly allege that Big Bus and Gray Line merged into a single entity, its monopoly claims are insufficient.

Third, the Amended Complaint does not plausibly allege a conspiracy in restraint of trade in violation of Sherman Act § 1. To adequately plead such a conspiracy under Section 1, a plaintiff must allege facts from which it can be inferred that the anticompetitive conduct "stems from . . . an agreement, tacit or express," and not from "independent decision." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007) (cleaned up). Absent direct evidence of an agreement, a conspiracy "may be inferred on the basis of conscious parallelism, when such interdependent conduct is accompanied by circumstantial evidence and plus factors." *Baltimore*, 709 F.3d at 136 (quotation marks omitted).

Go New York argues that "the MOU and the other related agreements among Respondents alleged in the Amended Complaint are actual agreements in restraint of trade." Appellant's Br. at 34. But, setting aside the attraction-pass allegations barred by res judicata, the Amended

6

Complaint merely offers conclusory facts about "other related agreements" and the MOU. The August 2020 MOU also contradicts Go New York's allegation that Big Bus and Gray Line agreed to "fix the prices at which tickets to hop-on, hop-off bus services . . . are sold." App'x at 282. The MOU provides that Big Bus "shall continue to sell its products . . . at prices determined solely by" Big Bus and its parent company. *Id.* at 48.

Go New York finally argues that there are sufficient "plus factors" to support a conspiracy because "[i]t would be hard to conceive of a stronger common motive to conspire than an agreement whereby alleged competitors sell tickets for use by customers in a combined operation." Appellant's Br. at 35. Not so. The ticket-seller arrangement in the MOU gives Gray Line little incentive to fix prices because Gray Line simply sells Big Bus's tickets at Big Bus's prices, and it no longer offers bus tours of its own. The rest of Go New York's "common motive" plus-factor arguments turn on incentives to exclude it from the attraction-pass market, but those recycled allegations are barred by res judicata.

In sum, the district court properly dismissed Go New York's Sherman Act §§ 1 and 2 claims even if we overlook res judicata limits on its merger allegations because the claims do not satisfy the Rule 12(b)(6) pleading standard.

*   *   *

We have considered the remainder of Go New York's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court